**U.S. Department of Justice**

*Eastern District of Louisiana*
*U. S. Attorney's Office*

---

| | | |
|---|---|---|
| *Robert Weir*<br>*Special Assistant United States Attorney* | *The Poydras Center*<br><br>*650 Poydras Street, Suite 1600*<br>*New Orleans, LA  70130* | *Telephone # :(504) 680-3122*<br><br>*Fax # : (504) 589-4390* |

December 17, 2012

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   DEC 2 0 2012

LORETTA G. WHYTE
CLERK

Honorable Carl J. Barbier
United States District Judge
Eastern District of Louisiana
500 Poydras Street, Room C268
New Orleans, Louisiana  70130

      Re:  United States v. Louisiana Home Elevations, L.L.C.
           <u>Criminal Docket No. 11-274</u>

Dear Judge Barbier:

     In compliance with the holding of <u>Bryan v. United States</u>, 492 F.2d 775 (5th Cir. 1974) and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Louisiana Home Elevations, L.L.C., the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Randall A. Smith, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

     The Government has agreed that should the Court accept the defendant's plea of guilty to Count Five of the Superseding Indictment, the Government will request the Court to dismiss Counts One, Two, Three, Four, Six, Seven, Eight, Nine, and Ten of the Superseding Indictment against the defendant, Louisiana Home Elevations, L.L.C., and all Counts in which the defendant, Louisiana Home Elevations, L.L.C., is charged in the original Indictment at the time of sentencing.  The defendant understands that the Court is not bound to dismiss any count.

     In return for this plea of guilty, the government agrees not to bring any other criminal charges in the Eastern District of Louisiana against Louisiana Home Elevations, L.L.C. arising from the defendant's participation in an alleged scheme to harbor and employ aliens and alleged related money laundering, structuring financial transactions and impeding the Internal Revenue Service

violations, which allegedly began on or before December 2009 and continued until an unknown date but no later than March 2012.

The defendant further understands that it may be sentenced to a term of probation of not less than one nor more than five years pursuant to Title 18, United States Code, Section 3561.

The defendant further understands that the maximum fine that may be imposed should its plea of guilty be accepted is $500,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code will apply and the defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

Further, the defendant understands that a mandatory special assessment fee of $400.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code.  This special assessment must be paid on the date of sentencing.  Failure to pay this special assessment may result in the plea agreement being void.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal its conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that it may have the right to file collateral challenges to its conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promises and agreements made by the United States in this plea agreement, knowingly and voluntarily:

a.   Waives and gives up its right to appeal or contest his guilty plea, conviction, sentence, fine, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to his right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of

2

his sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

      b.   Waives and gives up his right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to its sentence of any kind; and

      c.   The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum.   The defendant also retains the right to bring a post conviction challenge if it establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment", Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions.   The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes.   The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release.

The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in assets constituting or derived from proceeds the defendants obtained directly or indirectly as a result of the violation to which he is pleading guilty and/or which are assets used or intended to be used in any manner or part to commit and to facilitate the commission of the violation to which defendant is pleading guilty.   The defendant further agrees not to contest the administrative, civil or criminal forfeiture of any such assets.   The defendant agrees that any asset charged in the Superseding Indictment is forfeitable as proceeds of the illegal activity for which it is pleading guilty, except the 2011 Toyota Sequoia bearing VIN:

5TDYY5G15BS032255; and the 2010 Chevrolet 1500 Truck, VIN: 3GCRCTE03AG267378.  With respect to any asset which the defendant has agreed to forfeit, the defendant waives any constitutional and statutory challenges in any manner (including direct appeal, collateral challenges of any type, habeas corpus motions or petitions, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution.

The defendant further agrees to submit to interview whenever and wherever requested by law enforcement authorities regarding all assets within its possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph.  It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, and agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500.  The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of his conviction will be immediately submitted to the Treasury Offset Program.  The defendant waives any objection to his inclusion in the Treasury Offset Program.

The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

JIM LETTEN
UNITED STATES ATTORNEY

_____
Robert Weir
Special Assistant U. S. Attorney

_____   12-20-12
Randall A. Smith
Attorney for the Defendant (Date)

_____   12/20/12
Christopher Benson
Duly Authorized Representative
for the Defendant Louisiana Home Elevations, L.L.C. (Date)

5